## NAY v. KING-SEELEY CORPORATION.

1. WORKMEN'S COMPENSATION—FINDING OF COMMISSION—EVIDENCE—DERMATITIS.

   Testimony supported finding of workmen's compensation commission, binding on Supreme Court, that plaintiff's disability from dermatitis on her head, neck, arms and feet arose out of her employment in which she came into contact with cooling oils and rubber.

2. SAME—DERMATITIS—FUTURE SENSITIZATIONS—PROXIMATE CAUSE—EVIDENCE—INSURANCE.

   Testimony supported finding of workmen's compensation commission that plaintiff was not entirely cured of dermatitis when she returned to work for half days only, being thus partially disabled, that the previous exposure to substances caused her to develop a sensitivity rendering her more susceptible to dermatitis and that the later disability was traceable to her previous employment and to causes and conditions characteristic of and peculiar thereto, hence, insurer then on the risk was liable for entire amount of payments, where it appears that plaintiff latterly had to refrain from being on her feet too much, from working more than half days and medical testimony was that she would develop future sensitizations.

3. SAME—REMAND—PARTIAL DISABILITY.

   Proceeding to recover workmen's compensation is remanded for determination by workmen's compensation commission as to amount of compensation for partial disability for which insurer is liable (CL 1948, § 417.3).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 532.
[2] 58 Am Jur, Workmen's Compensation § 278.
[2] Workmen's compensation as affected by external infection from original injury or subsequent accident. 7 ALR 1186; 102 ALR 790.

Appeal from Workmen's Compensation Commission. Submitted January 6, 1954. (Docket No. 11, Calendar No. 45,915.) Decided February 18, 1954.

Award of compensation to Lillian E. Nay from King-Seeley Corporation, employer, and Michigan Mutual Liability Company, insurer. Insurer appeals. Employer, which became self-insurer prior to aggravation of injury, asks affirmation. Affirmed and remanded for further determination.

*Milton R. Atlas,* for plaintiff.

*Lacey, Jones & Doelle,* for defendant employer, as self-insurer.

*Warner & Hart,* for defendant employer and insurer.

DETHMERS, J. Plaintiff was awarded $24 per week compensation from May 22, 1950, to April 1, 1951, and partial compensation thereafter until the further order of the commission to be computed in accord with section 3, part 7, of the workmen's compensation act,* but with a credit to defendant insurance company for compensation voluntarily paid from May 22, 1950, through December 24, 1950. Defendants appeal.

Plaintiff started work for defendant employer in 1926 and experienced no physical difficulties by reason thereof until 1945, when she developed a dermatitis due to contact on the job with cooling oil. She worked until 1948 when she took a leave of absence because of the severity of her dermatitis. She returned to work in February of 1949 and in June the dermatitis broke out again and she was hospitalized. She returned to work in October of 1949 and the

. * See CL 1948, § 417.3 (Stat Ann 1950 Rev § 17.222).—REPORTER.

dermatitis flared up again as a result of contact with foam rubber on the job. She was off the job until January of 1950 when she returned, again came in contact with oils in her work and in May broke out all over her arms, face, neck and feet, was disabled and paid compensation until December 24, 1950. She was able to go back to work April 1, 1951, but only for half days, and was frequently off the job thereafter because of dermatitis flare-ups and was still working half days only at the time of the hearing because being on her feet more than that caused the dermatitis to break out. She testified that at no time after 1949 had she been entirely free from dermatitis.

Defendant insurer carried the risk up to September 1, 1950, at which time defendant employer became self-insured.

Defendants' first contention is that plaintiff's dermatitis in May and June of 1951 and thereafter was caused by contact with rubber cement in the straps of her shoes and that, hence, the disability did not arise out of a condition peculiar to or characteristic of her employment. There is testimony, however, that the dermatitis from which she suffered on May 22, 1950, that being the date which the commission found to be the date of her personal injury, was due to contact with cooling oil on the job and that she was never thereafter free from dermatitis and, further, that contact with rubber on the job in the spring of 1951 merely caused it to become more acute. Such testimony supports a finding of disability arising out of employment, binding on this Court, despite testimony for the defense tending to attribute the June, 1951, condition to plaintiff's shoes.

As between defendant employer and defendant insurer, it is contended by the latter that the commission erred in holding it liable for a disability occurring after September 1, 1950, when it ceased being the insurance carrier for defendant employer.

In this connection defendant insurer contends that when plaintiff returned to work April 1, 1951, she was sufficiently recovered from her previous disablement from dermatitis, that her subsequent disability, if any, began in June of 1951 as a result of contact with rubber at that time, and that that constituted the occurrence of a new injury after defendant insurer was no longer on the risk. Testimony previously noted supports a finding that plaintiff's dermatitis was not entirely cured when she went to work in April of 1951 and that she was then able to work for half days only, being thus still partially disabled. Furthermore, the commission found as a fact that while defendant insurer was carrying the risk plaintiff was being exposed constantly to substances on the job in defendant employer's plant which caused plaintiff to develop a sensitivity rendering her more susceptible to dermatitis and that, in consequence, her condition in June of 1951 was traceable to her employment before September 1, 1950, and to causes and conditions characteristic of and peculiar thereto. Defendant insurer says the findings of fact in those 2 respects are utterly without support of any testimony in the record. We disagree. Not only is there testimony that when plaintiff went back to work in April of 1951 she was still not entirely cured of dermatitis incurred before September 1, 1950, so that she had to refrain from being on her feet too much or working more than half days or the dermatitis would become more acute, but, also, medical testimony for plaintiff was, in part, as follows:

"As a matter of fact, it is one of the dermatologic conclusions that once a person has developed a contact dermatitis due to a sensitivity, they are more apt to develop future sensitivities because of lowered resistance of the skin by a previous sensitization. * * * With the fact she had developed a previous sensitization to various things which she

encountered in working, it is more likely she would develop future sensitizations because of the lowering of the resistance of the skin."

There was medical testimony on this point for the defense as follows:

"*Q.* Well, the more you come in contact with things which can cause a dermatitis, you develop a weakness and less resistance, do you not, to the onslaught of the dermatitis?

"*A.* That depends on what your intrinsicability is to react. Some people never react. Other people react to many things.

"*Q.* In other words, it depends upon the peculiar physical characteristics of the individual, is that right?

"*A.* That's right.

"*Q.* So that they may or they may not?

"*A.* That's right."

Plaintiff testified she never had such troubles before the mentioned exposures on this job. It is not for us to weigh the testimony. There is here competent testimony to support the finding of the commission in regard to the sensitivity theory.

The award of $24 per week until April 1, 1951, and the holding that defendant insurer is liable are affirmed. The cause is remanded for determination by the commission of the amount of compensation for partial disability after April 1, 1951, to be paid plaintiff by defendant insurer. Costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.