Komp Equipment Co., et al. *v.* Clinton.

No. 41123          April 27, 1959          111 So. 2d 259

562

*Dudley W. Conner,* Hattiesburg, for appellants.

*Pittman & King,* Hattiesburg; *Travis & Moore,* Jackson, for appellee.

ETHRIDGE, J.

This is a workman's compensation claim for contact dermatitis resulting from a work-exposure to an irritant to which the employee was allergic. Two earlier cases involving contact dermatitis have awarded temporary total disability benefits during the continuance of the disability. Hardin's Bakeries v. Ranager, 217 Miss. 463, 64 So. 2d 705 (1953); Christopher v. City Grill, 218 Miss. 638, 67 So. 2d 694 (1953); Miss. Code 1942, Sec. 6998-09 (b).

Appellee, Harold Clinton, was awarded by the attorney referee of the Workmen's Compensation Commission permanent partial disability benefits for injuries described as contact dermatitis, received from an allergic exposure to Orangeburg or soil pipe, while working for

appellant, Komp Equipment Company. The commission reversed the attorney referee and denied any benefits. The circuit court reversed the commission, and awarded claimant permanent partial disability benefits.

Clinton began working for Komp Equipment Company early in 1956. He had never had any kind of skin disorder prior to August 17, 1956. On that day he was unloading for his employer Orangeburg pipe, a soil pipe with a creosote covering. His face, eyes and hands became red, and his arms, hands and feet broke out in small vesicles or blisters. He was referred to three general practitioners, who treated him successively, but the dermatitis condition continued to appear. Clinton continued working. Finally, on January 30, 1957, the employer sent him to Dr. Chester Farmer, a dermatologist. From that date until February 18, 1957, Dr. Farmer treated claimant. He determined he was allergic to soil pipe. Apparently the condition cleared up. The doctor advised him he could go back to work. Claimant worked from February 18 until March 10, 1957 when, because of the recurrence of the trouble, he went back to Dr. Farmer, who found he had an acute exacerbation of the same trouble. Dr. Farmer treated him from that date until April 1, 1957, when he discharged Clinton as completely cleared and able to return to work. Claimant was paid temporary total disability benefits for at least part of the two periods stated above while he was off work and under treatment.

After discharge by Dr. Farmer on April 1, 1957, Clinton returned to work for Komp for a week, at which time he was fired, apparently because the insurance carrier advised the employer it could not continue compensation coverage for Clinton, unless his work could be separated from the infecting nature of soil pipe. Appellant's manager said this was not possible at their plant. When Clinton was fired on April 8 it is undisputed that he had become reinfected to some extent with the

contact dermatitis. However, he received no further compensation benefits. In July, 1957 claimant filed application for a hearing to determine whether he was entitled to additional temporary and permanent disability benefits.

The great weight of the evidence reflects that, after his discharge on April 8 and up to the time of the two hearings before the attorney referee in October 1957, claimant's hands and feet continued to break out in small blisters every one to two weeks, and he was unable to do any substantial work during that period. At the time of the hearings, it is undisputed that his hands and feet continued to show ''splotchy'' discoloration with evidence of blistering and peeling, in short, that his dermatitis disease had continued up to that time. Dr. Farmer, who had treated appellee earlier in the year, diagnosed his trouble as dyshidrotic eczema with contact dermatitis, plus secondary bacterial infection. Dr. Charles Caccamise diagnosed appellee's condition as contact dermatitis, called dermatitis venenata. Both of the doctors recognized that the disease originated from appellee's exposure to the original irritant at the employer's plant, Orangeburg, soil pipe; and both of them stated that he would continue to have recurrences of it if he is reexposed to the original irritant, but that he would be able to do other types of physical labor which did not involve exposure to these irritants. The condition is the result of the external irritant, soil pipe.

██ █ Under these circumstances, the pertinent award should be temporary total disability benefits ''during the continuance of such disability.'' Code Sec. 6998-09 (b). After the dermatitis has been cured, benefits are no longer payable, but recurrences which are attributable to and are connected with the first exposure of the employment are compensable by the employer for whom claimant was working when the infection first began. Ernest Waters Construction Co. v. Mills, 51 So. 2d 180

(Fla. 1951); Zeady v. Arms Textile Manufacturing Company, 96 N. H. 328, 76 Atl. 2d 512 (1950); 2 Larson, Workmen's Compensation Law, page 30, Sec. 95.26; but cf. Nay v. King-Seeley Corporation, 339 Mich. 140, 62 N. W. 2d 631 (1954); see also 4 Sneider, Workmen's Compensation (1945) Sec. 1337, pp. 632-641; 3 Sneider, Ibid., Sec. 953, pp. 527-528. ██ From this record it appears that claimant has never been cured of the dermatitis which he had at the time he was discharged by his employer, but that the disability is not "permanent in quality." Code Sec. 6998-09 (c).

Either Dr. Farmer was in error in concluding that Clinton had been cured of the dermatitis when he released him on April 1, 1957, or Clinton was re-exposed to the irritant during the week after the doctor's discharge when he worked at appellant's plant, April 1-8, 1957. It is undisputed that when he was fired on April 8 he still had contact dermatitis, and that recurrences of the original infection continued thereafter. Accordingly, the commission should have awarded claimant additional temporary total disability benefits, beginning on April 8, 1957 and continuing to the date of the commission's order on March 28, 1958. Claimant has not been completely cleared of the dermatitis since he was fired, on April 8, 1957, and has not reached maximum medical recovery from that disease. ██ Also, the circuit court was in error in awarding claimant permanent partial disability benefits, but was correct in awarding him disability benefits to the date of the commission's order.

██ Hence we affirm in part the judgment of the circuit court, reverse it in part, and enter judgment here awarding appellee temporary total disability benefits from January 30, 1957 to February 18, 1957, and from March 10, 1957 to April 1, 1957, with credit for any amounts already paid therefor, and from April 8, 1957 to March 28, 1958, the date of the commission's order, plus interest at the rate of six per cent per annum from

the date of each of the installments of compensation benefits so awarded. The cause is remanded to the commission to determine whether appellee has been cured of the contact dermatitis received while working for the employer, and, if so, when he recovered, and for the award of benefits to date of recovery; and, if claimant has not yet recovered from such employer-connected disease, for the continuance of such temporary benefits until claimant has reached maximum medical recovery. Jackson Ready-Mix Concrete v. Young, No. 41,107, decided this date.

Affirmed in part, reversed in part, and judgment rendered awarding appellee temporary total disability benefits to date of commission's order; and cause remanded to commission.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.

## ON APPELLEE'S SUGGESTION OF ERROR AND MOTION

ETHRIDGE, J.

Under the rules this suggestion of error was presented in conference by a justice other than the writer. This response represents the resulting conclusions. Appellee apparently construes the original decision as holding that temporary total disability benefits should terminate on the date of the commission's order, March 28, 1958. On this assumption, appellee complains that it would be necessary for the commission to decide every two weeks whether claimant is entitled to additional temporary total disability benefits. Our opinion is clearly to the contrary. 111 So. 2d 259. We would not respond to this argument if it were not manifest that appellee misunderstands the decision.

Citing the statute, the original opinion stated, "Under these circumstances, the pertinent award should be temporary total disability benefits, 'during the continuance of such disability'." The rceord showed claimant "has

not reached maximum medical recovery from that disease.''

■■ Accordingly, appellee was awarded temporary total disability benefits to March 28, 1958, the date of the commission's order, plus interest. The commission is the fact-finding agency, the attorney-referee being its arm or facility. ■■ We were not dealing with the administration by the commission of an award. The commission denied benefits, and the circuit court erroneously awarded permanent partial disability benefits, although the record reflected that appellee had not reached maximum medical recovery. So our decision made an award, which the commission had denied, effective as of the time of the commission's order. In effect, it was held that, if complainant had not reached maximum medical recovery on that date, there should be a ''continuance of such temporary benefits until claimant has reached maximum medical recovery.'' ■■ The award of temporary benefits is a continuing one under Sec. 8 (b) of the Workmen's Compensation Act, payable ''during the continuance of such disability.'' But of course under Code Sec. 6998-27, the commission may ''increase or decrease awards prospectively or retroactively,'' according to the facts. Jackson Ready-Mix Concrete v. Young, 111 So. 2d 255 (Miss. 1959). Subsequent to the date of the commission's order, appellants should pay to claimant compensation during the continuance of such temporary total disability. The opinion and the judgment of this Court provided to that effect. 111 So. 2d 259.

■■ The *Jackson Ready-Mix* case also involved an appeal. It should not be construed as meaning that when, in the ordinary administration of the Act, the commission enters an order awarding compensation for temporary disability, such award is good and effective only to the date of the award of the commission. What we held in *Jackson Ready-Mix* was that an award for temporary total disability does not carry with it a presumption

that the disability continues indefinitely. It was not presumed that the temporary disability continued for about eighteen months while the case was on appeal. ■■■ The commission has full control of the matter of ordering compensation for temporary disability to continue, so long as the disability in fact continues, subject to the rights of the parties to have such additional hearings and proceedings as the commission finds is reasonably necessary to properly administer the Act, so that· its purposes shall be fulfilled. It would not be reasonable to require arbitrarily a hearing each two weeks to determine if temporary disability continues, and any such construction of the decision in this and *Jackson Ready-Mix,* as suggested by appellee, is wholly unwarranted.

■■■ Appellee complains of the use of the word "cured" at several places in the opinion, but, when construed in context and in the light of the specific references to "maximum medical recovery," it is apparent that the word was used as a general synonym for the longer and more technical phrase, "maximum medical recovery."

■■ ■ Appellee in his "suggestion of error" incorporates what we construe to be a motion to correct the judgment, in three particulars: (1) The judgment is corrected to provide that appellants pay appellee's expenses for medical services and supplies incurred as the result of claimant's accidental injuries and the recurrences thereof. ■■ ■ (2) The judgment is corrected to award to appellee five percent statutory damages on the total amount of weekly installments accrued and unpaid from the date of the judgment of the circuit court to the date of the judgment here affirming the award of compensation benefits. Miss. Code 1942, Sec. 1971. ■■ ■ (3) Appellee moves to correct the judgment to assess the ten percent penalty against appellants for failure to pay installments of compensation payable without an award within fourteen days after they be-

came due. Code Sec. 6998-19 (e). The circuit court reversed the commission and adopted as its own the order of the attorney-referee, which awarded such penalty. Our judgment affirmed the circuit court in part, but did not refer to the penalty. The judgment of this Court is corrected to order that penalties as provided by Sec. 6998-19 (e) shall be paid by appellants to claimant on all installments of compensation becoming due between the due date of the first installment after April 8, 1957 and the date of the attorney-referee's order. So. Engineering and Electric Co. v. Chester, 226 Miss. 136, 151-152, 84 So. 2d 535 (1956); Harris v. Suggs, 102 So. 2d 696 (Miss. 1958).

Suggestion of error overruled; motion to correct judgment sustained.

All justices concur.