190 So.2d 894 (1966)
Ed COULTER, Claimant-Appellant,
v.
Sam HARVEY and G & H Construction Company, Inc. et al., Defendants-Appellees.
No. 44060.
Supreme Court of Mississippi.
October 3, 1966.
Pyles & Tucker, Jackson, for appellant.
Daniel, Coker & Horton, Alben N. Hopkins, Jackson, for appellees.
PATTERSON, Justice:
This is a workmen's compensation case growing out of a claim for total and permanent injury and disability caused by contact dermatitis.
*895 The claimant is an illiterate Negro nearly 70 years of age. Since 1922 he has been engaged as a cement finisher in the construction business. He was employed by Sam Harvey in 1934 and worked for him until Harvey and one Goodman formed the G & H Construction Company, Inc. in 1962. Claimant worked for this construction company until he was forced to cease work by reason of contact dermatitis on August 30, 1963. The defendants are Sam Harvey and G & H Construction Company, Inc. and the Travelers Insurance Company.
This appeal is from a judgment of the Lauderdale Circuit Court which affirmed the decision of the attorney-referee and the Workmen's Compensation Commission in awarding temporary total benefits to the claimant from August 30, 1963, through July 27, 1964. Claimant assigns the following as error:
1. The court erred in failing to adjudicate that the claimant was totally disabled to work and earn wages, in failing to find that his disability was causally related to his employment and in failing to award claimant compensation for permanent total disability.
2. The attorney-referee erred in holding that "there is substantial medical proof in the record to show that claimant has developed a permanent sensitivity to chromates and that he should not work on construction jobs and come in contact with cement, wet cement, etc," and then holding, "However, in view of our Supreme Court decisions no adjudication is made as to the extent of permanent partial disability and as to the extent of disability which existed on August 2, 1963," and further that the commission and the circuit court erred in affirming such order.
The G & H Construction Company and the Travelers Insurance Company both cross-appeal and assign as error the following:
1. The court erred in finding that G & H Construction Company and Travelers Insurance Company were liable for compensation benefits as the result of the recurrence of contact dermatitis which began while the employee was employed by Sam Harvey, individually.
2. The court erred in not finding that on July 27, 1964, the claimant had reached a maximum medical recovery from a temporary flare-up of a pre-existing condition.
3. The court erred in not holding that the dermatitis episodes after August 30, 1963, were due solely to voluntary actions of the appellant and were therefore non-compensable.
The claimant moves this Court to strike the cross appeal of the defendants on the ground that the cross-appellants did not preserve their right of appeal inasmuch as they did not prosecute a cross appeal from the order of the full commission to the circuit court. The cross-appellants concede that no appeal was taken from the commission to the circuit court. They contend that it was the duty of the circuit court upon appeal by either party to review the full record as it was considered by the Workmen's Compensation Commission, and if prejudicial error be found therein, to enter such judgment or award as the commission should have entered. In support of this position they cite Mississippi Code Annotated section 6998-26 (1952) which states the action to be taken by the circuit court on appeal in workmen's compensation cases as follows:
The circuit court shall review all questions of laws and of fact. If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered.
In short, the cross-appellants argue that it, is the circuit court's duty on appeal to *896 study and consider the entire record of each compensation case appealed to it, whether errors are assigned or not, whether points of law be called to the court's attention or not, and that if the court in its examination of the record should detect an error, it should correct the same and do that which the commission should have done. Dunn's Mississippi Workmen's Compensation § 179.2 (Supp. 1965) states the rule to be:
Review by Supreme Court; waiver of rights and errors.  In order to reserve a point for review by the Supreme Court, the point must be presented to the Commission and also to the Circuit Court by an assignment of error there on a direct or cross-appeal. Thus, where a claimant receives an award which omits items to which he is entitled and there is no appeal by the claimant to the Circuit Court and no cross-assignment on appeal to that court by the employer, the error cannot be corrected in the Supreme Court on cross-appeal there.
Following this rule, Dunn cites Fair Stores v. Bryant, 238 Miss. 434, 118 So.2d 295 (1960); B.C. Rogers & Sons v. Reeves, 232 Miss. 309, 98 So.2d 875 (1957); and Dixie Pine Products Co. v. Dependents of Bryant, 228 Miss. 595, 89 So.2d 589 (1956). These cases fully support the rule announced, and since the cross-appellants did not preserve their right of appeal by an appeal or cross appeal from the commission to the circuit court, the cross appeal to this Court cannot now be considered.
The primary question to be determined on direct appeal is whether the court erred in failing to award claimant compensation for a permanent disability.
The evidence is uncontradicted, and in substance, it reflects that the claimant first went to work as a cement finisher in 1922 and has since worked continuously at this trade. In 1958 while employed by Sam Harvey he experienced his first episode of contact dermatitis or cement poisoning. He was treated by a doctor, given medication and advised that he could continue in his employment as a cement worker if he used the prescribed salve or medication. On August 30, 1963, while employed by G & H Construction Company, the claimant was again stricken with a skin rash or disease which was determined by the doctor to be a form of contact dermatitis, in this instance "cement poisoning." After protracted examinations and medication by a skin specialist the claimant was advised that he could no longer work as a cement finisher since over a period of years his body had built up a permanent sensitivity to chromates, which are contained in cement, and that exposure to wet cement would cause further attacks of dermatitis.
We are thus faced with the problem of determining whether an illiterate laborer who has engaged in a specific trade for many years, but who is presently allergic to the materials used in that trade, is entitled to permanent compensation benefits, either partial or total, as the result of a permanent sensitivity or allergy which prohibits the pursuit of his trade, or whether he is entitled only to temporary benefits for the disabling dermatitis which is the result of the sensitivity plus exposure to the irritant, but which recedes from its disabling stage with medication and nonexposure to the irritant. In Thyer Mfg. Co. v. Mooney, 252 Miss. 629, 173 So.2d 652 (1965); Komp Equipment Co. v. Clinton, 236 Miss. 560, 111 So.2d 259, 112 So.2d 541 (1959); Christopher v. City Grill, 218 Miss. 638, 67 So.2d 694 (1953); and Hardin's Bakeries, Inc. v. Ranager, 217 Miss. 463, 64 So.2d 705, 65 So.2d 461 (1953), contact dermatitis cases, this Court held that the claimants were entitled to temporary benefits for the time they were disabled by contact dermatitis, and no allowance was made on a permanent basis for the sensitivities or allergies causing their disabilities. These cases are directly in point here, and we find no error in the award by the court below of temporary *897 total benefits from August 30, 1963, through July 27, 1964.
The appellant argues that the attorney-referee, the commission, and the lower court acted under the erroneous belief that no award could be made in a contact dermatitis case other than that resulting in a temporary disability. In support of this argument appellant cites the following holding by the attorney-referee:
There is substantial medical proof in the record to show that claimant has developed a permanent sensitivity to chromates and that he should not work on construction jobs and come in contact with cement, wet cement, etc. However, in view of our Supreme Court decision no adjudication is made as to the extent of permanent partial disability and as to the extent of disability which existed on August 2, 1963.
We have carefully reviewed the decisions in this state on contact dermatitis cases and we do not find that we have ever held that an award of permanent disability could not be made in the proper case. We did hold in each of the above-cited cases that the facts therein portrayed warranted only a finding of a temporary disability. We so hold in the instant case, as we are of the firm opinion that the legislative intent as to what constitutes "disability" is expressed in Mississippi Code Annotated section 6998-02(9) (Supp. 1964) which states:
"Disability" means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings. (Emphasis added.)
This means that the claimant must seek, after the disability subsides, employment in another or different trade to earn his wages. Potts v. Lowery, 242 Miss. 300, 134 So.2d 474 (1961). There is no evidence in this record that the claimant did so. We affirm as to the award of temporary total disability.
Motion to strike cross appeal sustained, and affirmed on direct appeal.
GILLESPIE, P.J., and RODGERS, BRADY, and SMITH, JJ., concur.