INZER, Justice.
This is an appeal by Lue Bertha Jordan from a judgment of the Circuit Court of Washington County affirming an order of the Workmen’s Compensation Commission denying appellant’s claim for compensation benefits. We reverse and remand to the commission.
The undisputed evidence in this case shows that prior to January 25, 1965, claimant-appellant had worked for appel-lee, Arkansas Valley Industries, Inc., for about two years in its chicken processing plant. On the above date she was injured when some chicken crates fell from a truck striking her on the legs and back, knocking her to the gravel street with such force that she was rendered unconscious. She was immediately carried to Dr. Sharkey Wolfe, the company doctor, who treated her for injuries. Dr. Wolfe made x-rays of her knee and gave her a shot and some pills to take. He told her to try to work the next day, which she did. She was unable to do her job that day without help from fellow employees, and the following day she was unable to get out of bed. She was unable to return to work for two weeks and when she returned to work, she was allowed to sit on a stool to do her work because when she stood up her legs and back hurt her so badly that she was unable to work. Even when she was allowed to sit on the stool she could not do her work properly because when she would drop a chicken she was unable to stoop over and pick it up and a fellow employee would have to assist her. She continued to try to work until April 4, 1966, but during this time she was unable to do her work properly and finally her employer sent her to the hospital where she remained until April 17, 1966. During the time from the date of her injury until she was sent to the hospital, she had to take shots and pills for pain and went back to Dr. Wolfe on occasions for treatment because of hurting in her back. During this time she also complained to fellow employees about pain and hurting in her back and legs. Three of the employees testified, and the substance of their testimony was that prior to her injury she was a good worker, that after the injury she continuously complained about her back and legs hurting and that she was unable to do her work properly, to the extent that her supervisor complained about the way she performed her work.
Upon her admission to the hospital she was examined and treated by Dr. Wolfe. Dr. Wolfe did not testify, but his report is in evidence and it states that he found tenderness on palpitation of the left lower back region of the left transverse process of the fifth lumbar vertebrae and the left sacroiliac joint area. He also found that she had a small tender mass on the medial side posteriorly of the right knee. His impression was myofascial strain, left lumbar area, left perirectal muscle syndrome, splenic flexure syndrome, Baker’s cyst, right popliteal space, and obesity.
*145 Dr. C. J. Overton was called in by Dr. Wolfe for consultation. Dr. Overton did not testify but his report to Dr. Wolfe is in evidence. His impression was chronic low back strain to a mild degree. He found no evidence of ruptured disc at that time and stated that it was his opinion that claimant should be able to tolerate the type of work her job required.
Appellant testified that after she was released from the hospital she was still unable to work and that on June 27, 1966, her employer sent her to Dr. T. S. Eddle-man, an orthopedic surgeon, who examined her. Dr. Eddleman did not find any orthopedic pathology that in his opinion could account for her symptoms at the time he saw her, and that the pains she described to him were not consistent with a disc injury because they did not follow any particular nerve pathway. When asked if, in his opinion, appellant had a permanent disability he stated: “From an orthopedic standpoint I did not find anything that I could base any disability on.” He did not state whether in his opinion she was able to work at the time he saw her.
Claimant continued to have pain and was unable to work and on April 20, 1967, her employer sent her to Dr. Charles Neill, whose specialty is neurological surgery. Although Dr. Neill found that claimant had diminished hearing in her left ear and there was a numbness to painful stimulation, i. e., hemi-hypesthesia, and she had weakness of the upper and lower extremeties, he did not find any evidence of neurological lesion that would lead to permanent disability. He did not state whether in his opinion she was able to work at the time he saw her.
On August 12, 1968, appellant was examined by Dr. Orlando J. Andy, a doctor of her own choosing. Dr. Andy’s specialty is- neurological surgery. He found tenderness throughout the entire lumbosacral spine and the thoracic spine up through the cervical area with bilateral tenderness in the greater occipital nerve. Dr. Andy did not think she had a ruptured disc, but he did find a major sign that pointed to a ruptured disc. Dr. Andy was of the opinion that there was no question that claimant had contusions of the thoracic and lumbar spine and associated tissue. It was also his opinion that she suffered a cerebral concussion as a result of the accident and that she definitely had anxiety neurosis, which he thought was secondary to the accident and causally related to the accident. When asked on cross examination why the contusions had not healed in three and a half years, he stated:
Well, she may have involvement of her ligaments or tendons at the joints of the spine, for example. Let’s just take for example; she could have a ruptured disc, that would be the main example I could give which occurred with this injury and patients can have a strain or sprain of those same structures with a minimal or mild rupture which comes and goes; it’ll cool off for a period of time or else they’ll have a certain amount of pain throughout the entire rest of their life, it comes and goes in terms of severity. She could have something like that.
It was Dr. Andy’s recommendation that claimant have a myelogram to ascertain whether she had a ruptured disc and it was also his opinion that the results of the myelogram might help clear the neurosis. It was his opinion that at the time he saw claimant she was not able to perform the work that she had been doing prior to her injury.
The attorney referee found that claimant did sustain an accidental compensable injury while ■ performing services within the scope and course of her employment, and as a result of this injury was temporarily totally disabled from January 26, 1965, for a period of two weeks. He found that claimant suffered no permanent disability as a result of the injury. The only compensation allowed was for the two week period, and he required that the em *146 ployer and carrier furnish unto claimant and pay for all reasonable and necessary medical expenses and supplies resulting from the injury. Upon appeal the full commission affirmed this order.
It is clear from the undisputed evidence in this case that although appellant returned to work and tried to work to the best of her ability for about a year and three month after the initial injury, she never completely recovered from the injury. Her condition became such that her employer sent her to the hospital for treatment. Appellant testified that since that time she has been totally incapacitated to work. It is certain from the undisputed testimony that she has continued to have trouble with her back. Dr. Wolfe treated her for this condition after she returned to work. Every doctor who examined her who mentioned his findings found that she was still having trouble with her back, although they could find no permanent disability.
It is clear that when claimant became unable to work on April 4, 1966, it was the result of her injury sustained on January 25, 1965. At such time she was again entitled to temporary total disability benefits. Section 6998-09, Mississippi Code 1942 Annotated (Supp.1968), provides that when disability is total in character, but temporary in quality weekly benefits shall be paid to the employee “during the continuance of such disability.” The fact that claimant returned to work and worked the best she could for over a year before she again became totally disabled to work does not mean that she is not entitled to temporary benefits. She had never recovered from her initial injury and her subsequent disability was a result of that injury. In Komp Equipment Co. v. Clinton, 236 Miss. 560, 111 So.2d 259 (1959), we held that there may be successive periods of temporary total disability arising from a single injury, and, if so, each period is compensa-ble. Dunn, Mississippi Workmen’s Compensation, Section 75 (2d Ed. 1967).
We hold that the evidence in this case is overwhelming that the claimant had not recovered from her initial injury at the time she again became totally disabled to work on April 4, 1966, and that such disability was a result of that injury. Thereafter she was entitled to temporary total benefits until she is cured or is so far restored as the permanent character of her injury will permit. There is no substantial evidence in this record to support a finding by the commission that appellant had been cured of her initial injury at the time she returned to work in February, 1965. We are also of the opinion that the great weight of the evidence in this case shows that claimant’s temporary total disability continued until the date of the commission’s order denying compensation.
Under the facts of this case we are of the opinion that the finding of the commission that appellant sustained no permanent injury was premature and not supported by substantial evidence. The circuit court was in error in affirming the order of the commission disallowing in toto appellant’s claim for compensation benefits. The judgment of the circuit court must be reversed and a judgment entered here for appellant on liability for temporary total benefits from April 4, 1966, to December 11, 1969, the date of the commission’s order, and remanded to the commission for the entry of an order allowing such benefits and further proceedings to determine whether appellant has been cured or is as far restored as the permanent character of her injury will permit.
Reversed, judgment here for appellant and remanded.
ETHRIDGE, C. J„ and JONES, PATTERSON and ROBERTSON, JJ., concur.