RODGERS, Presiding Justice:
This is a workmen’s compensation case. The Workmen’s Compensation Commission denied the claim for permanent partial disability for partial loss of the use of the left arm. The order of the Workmen’s Compensation Commission was affirmed on appeal to the Circuit Court of Washington County, Mississippi. The case was appealed to this Court from the judgment of the Circuit Court. The appeal is predicated upon the proposition that the Workmen’s Compensation Commission and the Circuit Court reached erroneous conclusions under the facts shown in the record in this case.
The testimony in this case reveals that the claimant was injured while working on a pipeline at a time when he was “buffing rust off of the ends of pipe with an electric buffer.” The buffer had metal bristles on a wheel in broom form. The bristles were wires about the size of a sewing needle; and as they revolved rapidly some of these wires came off as they struck the pipe. They were hurled at great speed so that some of the wires struck the legs of the claimant, and one went into his left arm above his elbow. This wire was about 1Y2 inches long. The claimant apparently did not realize the extent of his injury so that he continued to work the remainder of the summer. He went to college in the winter, but he began to suffer excruciating pain to such an extent that he vomited. Finally, he went to a surgeon to have the wire removed from his arm. The arm had been previously X-rayed so that the claimant knew the wire was in his arm and knew that it had moved. During the operation, however, it became necessary to take the claimant back to the X-ray room to relocate the wire so that a long incision was made which resulted in considerable scar tissue.
After the arm began to heal the claimant discovered that his arm was becoming numb and that he was again having considerable pain. On one occasion he burned himself with a blowtorch and, because of the loss of feeling in his arm, he did not know that he was being injured.
Claimant’s family doctor was of the opinion that the claimant suffered a fifty percent (50%) permanent disability in the use of his left arm as a result of his accident.
Two other doctors testified that they found no permanent disability from an objective standpoint, but indicated that the claimant was suffering from a “very large psychogenic overlay.” After hearing the testimony and reading the reports of these witnesses, the Attorney Referee concluded that the claimant “sustained no permanent disability as a result of the injury.” The Commission adopted the finding of the Attorney Referee.
The issue before this Court is whether or not the Commission had substantial evidence on which to base its order, or was the testimony so overwhelmingly in favor of the claimant as to indicate a disregard on the part of the Commission to the facts presented.
This case was so close on the facts that the Court considered it en banc, and, although some of us might have voted otherwise had we been members of the Workmen’s Compensation Commission, we have, nevertheless, reached the conclusion that there was substantial evidence on which the Commission — as the trier of fact— could have reasonably determined that the claimant was not permanently injured. We, therefore, affirm the judgment of the Circuit Court sustaining the order of the Workmen’s Compensation Commission.
There are many cases from this Court in which we have repeated the rule that since the Workmen’s Compensation Commission is the trier of facts, its order will be affirmed on appeal where there is substantial evidence to support the order. Jones Casing Crews v. Dependents of Skipper, 199 So.2d 436 (Miss.1967).
Affirmed.
*206 All Justices concur except PATTERSON, JONES and INZER, JJ., who dissent.