560 So.2d 732 (1990)
PIPER INDUSTRIES, INC. and Twin City Fire Insurance Company
v.
James Allen HEROD.
No. 07-CC-59437.
Supreme Court of Mississippi.
April 11, 1990.
*733 S.T. Rayburn, Hickman Rayburn & Goza, David D. O'Donnell, Oxford, for appellants.
J.E. Boone, New Albany, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court.

I.
The question in this workers' compensation case is whether the employee's job related affliction with contact dermatitis rises to the dignity of a permanent loss of wage earning capacity such that the employee is entitled to permanent partial disability benefits. The Mississippi Workers' Compensation Commission found that it did. We affirm.

II.
In October of 1984, James Allen Herod, then thirty years of age, was hired by Piper Industries, Inc. of New Albany to work in the maintenance department of its waste treatment facility. Herod left Piper in May of 1985.
On March 12, 1985, while on the job, Herod repaired a leak on a sulfur dioxide tank, a task taking approximately 45 minutes to one hour. Four or five days later, Herod developed a serious rash and went to see his family physician, Dr. James Thornton of New Albany. Dr. Thornton prescribed medication but without cure, then referred Herod to Dr. John D. Burke, a dermatologist in Tupelo. Dr. Burke suggested Herod take a week off work to see if the rash would clear up. This Herod did, and with effect as his rash disappeared, only to reappear upon his return to work at Piper. Herod asked that Piper transfer him to another position at the plant. Piper had no positions available where Herod would not be exposed to sulfur dioxide.
Dr. Burke found Herod had a contact urticaria syndrome originating from his job-related exposure to sulfur dioxide. He said Herod's sensitivity was permanent in nature and that he should not work around sulfur dioxide in the future.
Herod sought employment elsewhere, taking a job with Coca Cola Bottling Company of New Albany on May 17, 1985. Later Herod went to work for Rayburn Hamblin, a builder-carpenter who also farms. Herod's rash has not reappeared since his departure from Piper.
At Piper, Herod was earning $5.90 per hour with a $.20 per hour evening shift differential, totaling $6.10 per hour for an average of forty hours per week. At Coca Cola Bottling, Herod began at $3.90 per hour and after three months had a pay increase to $4.50 per hour with $6.10 per hour for overtime. Hamblin pays Herod $5.00 per hour as a part-time carpenter and $4.00 as a part-time farm laborer.
The Mississippi Workers' Compensation Commission held that Herod had sustained a compensable injury consisting of contact *734 dermatitis in the form of his acquired sensitivity to sulfur dioxide. The Commission found that Herod was totally disabled from April 22 until April 28, 1985, and secondarily, that he was permanently disabled from performing any job requiring exposure to sulfur dioxide. The Commission expressly found that on these facts Herod had experienced a permanent partial disability which rose to the dignity of a loss of wage-earning capacity within the meaning of the Act. Miss. Code Ann. § 71-3-3(i) (1972). The Commission ordered Piper to pay $126.00 per week for the time he was totally disabled and, in addition, that Piper pay $25.00 per week beginning March 4, 1986, for 450 weeks, as well as all reasonable necessary hospital and medical services resulting from the contact dermatitis. The Circuit Court affirmed. Piper and its carrier appeal to this Court.

III.
Our obvious but necessary point of beginning is that the Commission is the ultimate fact-finder, R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1021 (Miss. 1990) (citing Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss. 1985); Valley Dry Goods Co. v. Odom, 244 Miss. 125, 141 So.2d 254, 256 (1962)), and its findings, "if supported by substantial evidence, must remain undisturbed by the reviewing court." Hernandez, 555 So.2d at 1021; Chandler, 475 So.2d at 439; South Central Bell Telephone Co. v. Aden, 474 So.2d 584, 589, 590 (Miss. 1985). See also Myles v. Rockwell, Int'l, 445 So.2d 528, 536 (Miss. 1983); Robinson v. Packard Elec. Div., Gen Motors Corp., 523 So.2d 329, 332 (Miss. 1988); Penrod Drilling Co. v. Etheridge, 487 So.2d 1330, 1332 (Miss. 1986); Charles N. Clark Assocs., Ltd. v. Robinson's Dependents, 357 So.2d 924, 925, 928 (Miss. 1978); Nassar v. Latex Constr. Co. of Ga., 256 So.2d 204, 205 (Miss. 1971); Miller Transporters, Ltd. v. Dean, 254 Miss. 1, 179 So.2d 552, 555 (1965); Malley v. Over the Top, Inc., 229 Miss. 347, 90 So.2d 678, 680 (1956). Swimming upstream, Piper and its carrier challenge the Commission's findings.
Contact dermatitis may be an accidental injury within the Mississippi Workers' Compensation Act. See Miss. Code Ann. § 71-3-3(b) (1972); Hardin's Bakeries v. Ranager, 217 Miss. 463, 64 So.2d 705 (1953) (allergy resulting from contact with mitten used to handle hot pans was accidental injury); Christopher v. City Grill, 218 Miss. 638, 67 So.2d 694 (1953) (allergy caused by dish water soap used at cafe); See also, Coulter v. Harvey, 190 So.2d 894, 896 (Miss. 1966); Thyer Manufacturing Co. v. Mooney, 252 Miss. 629, 638, 173 So.2d 652, 656 (1965); Komp Equipment Co. v. Clinton, 236 Miss. 560, 565, 567-68, 111 So.2d 259, 260-61 (1959). In the case sub judice, the Commission found "both lay and medical evidence [to] establish that claimant developed an allergic reaction to sulfur dioxide which was permanent in nature and which prevents him from working for the employer. Moreover, a finding of loss of wage-earning capacity presumes a finding of permanent disability as that term is defined in Miss. Code Ann., § 71-3-3(i) (1972)."
Dunn states the general rule that "[d]isability means incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or other employment. If the injury prevents the employee from resuming his former trade, work or employment, this alone is not the test of disability to earn wages or the test of the degree of such disability, but the definition relates to loss of capacity in (the same or other employment,) and the meaning is that the employee after his period of temporary total incapacity, must seek employment in another or different trade to earn his wages." Dunn, Mississippi Workers' Compensation, § 72 (3d Ed. 1982).
Herod has no trouble when he is not around sulfur dioxide, a fact precluding his condition being permanent in quality, or so we are told. Piper's challenge ignores the nature of legally compensable disability, a loss of wage earning capacity. The question is whether because of his injury Herod experiences a permanent though partial incapacity to earn wages as before, and the *735 Commission found that he had. His contact dermatitis puts off limits certain desirable employment for which he was theretofore suited.
Although, as noted, our cases well recognize that contact dermatitis may be a compensable injury, to date the facts before us have suggested only temporary disabilities. Coulter correctly observed
We have ... [never] held that an award of permanent disability could not be made in a proper case.
Coulter, 190 So.2d at 897. On the facts found by the Commission, today's is such a case.
Piper argues that Herod could have had equal earnings in other local employment but he did not seek such, as he voluntarily accepted a lesser paying job with Coca Cola and later took two part-time jobs. Piper is correct that the employee must make a "reasonable effort" to find other comparably gainful employment. According to, Dunn, Mississippi Workers' Compensation, § 72.1: "In resolving the (reasonable effort) issue in relation to seeking and finding other employment, several factors may be relevant. These include the economic and industrial aspects of the local community; the jobs available in the community and surrounding area; the claimant's general educational background, including work skills, and the particular nature of the disability for which compensation is sought." See Pontotoc Wire Products Co. v. Ferguson, 384 So.2d 601 (Miss. 1980); Sardis Luggage Co. v. Wilson, 374 So.2d 826 (Miss. 1979); Thompson v. Wells Lamont Corp., 362 So.2d 638 (Miss. 1978).
Herod not only made an effort to find employment, he also secured employment. His claim is that due to the injury he was unable to continue employment at Piper and cannot find a job which will pay him the same weekly wages as Piper. Herod unsuccessfully sought comparable employment with Jesco, Inc. and H.S. Henry Oil Company, both of Tupelo. When asked on cross-examination about possible jobs in New Albany, Herod replied, "[T]he furniture industry here in the last few months has been hit kind of hard, and most of the plants around here have been working three or four days a week. They have people laid off." The Commission credited this testimony.
Pontotoc Wire Products Co., 384 So.2d 601, is analogous and instructive. Ferguson inhaled noxious fumes while working with the Pontotoc Wire Products Company and developed a respiratory ailment. 384 So.2d at 602. "A practical description of Ferguson's medical condition would be shortness of breath, Dr. Potter having testified that Ferguson had the lung capacity of an 80-year-old man, preventing heavy manual labor with or without exposure to fumes, but permitting office work without exposure to fumes." 382 So.2d at 602. Ferguson made several attempts to find other suitable work but was unsuccessful. This Court found that his attempts were sufficient to support a prima facie case of disability and the failure of the employer to introduce evidence of local accessible employment opportunities was dispositive of the issue; thus, the employee was entitled to compensation on the basis of a permanent partial disability. The Commission found Herod's efforts reasonable, and Pontotoc Wire supports that view.
In this case, and on the facts found, contact dermatitis equals injury which, added to Herod's reasonable though unsuccessful effort to find other comparably gainful employment, equals loss of wage-earning capacity. If someone else had helped fix the sulfer dioxide leak, Herod might still be making $6.10 an hour at Piper.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.