KITCHENS, Justice,
Dissenting.
¶ 26. The Commission’s application of the law requires a finding that Ms. Lott be “totally unable to earn wages” before she is' entitled to permanent total disability benefits; however, such a legal standard is not to be found in Mississippi’s Workers’ Compensation Law or in this Court’s precedent. Accordingly, I respectfully dissent from the majority opinion, which adopts this erroneous legal standard.
¶ 27. The Commission found that Ms. Lott suffers from a one-hundred-percent loss of use of her right arm, and that she is entitled to seheduled-member benefits under Mississippi Code Section 71-3-17(c)(l). Thus, Ms. Lott is disabled under Mississippi Workers’ Compensation Law and, by all accounts, is receiving her weekly statutory benefits. However, Mississippi Workers’ Compensation Law provides that persons with seheduled-member injuries may seek and receive permanent total benefits. Smith v. Jackson Constr. Co., 607 So.2d 1119, 1128 (Miss.1992). In Smith, this Court held that
[wjhere an employee suffers an injury covered by the schedule in Section 71-3-17(c) and where the injury results in a permanent loss of wage-earning capacity within Section 71-3-17(a), the latter section controls exclusively and the employee is not limited to the number of weeks of compensation prescribed in Section 71-3-17(e)’s schedule.
Id. at 1128. “If a claimant is unable to earn wages despite only a loss or loss of use of a scheduled member, then the claimant is permanently and totally disabled.” Id. See also Meridian Prof'l Baseball Club v. Jensen, 828 So.2d 740 (Miss.2002).
¶ 28. Therefore, the operative issue is not whether Ms. Lott is “totally unable to earn wages;” it is whether she has suffered a loss of wage-earning capacity within the meaning of Section 71-3-17(a).[2]
¶ 29. In the determination of whether one has suffered a loss of wage-earning capacity, if a claimant establishes that he or she has made a “reasonable effort” to find “the same or other employment,” and the employer or insurance carrier fails to “introduce evidence of local accessible employment opportunities,” the claimant has established a loss of wage-earning capacity. Miss.Code. Ann. § 71-3-3(1) (Rev. 2000); Pontotoc Wire Prods. Co. v. Ferguson, 384 So.2d 601 (Miss.1980); Piper Indus., Inc. v. Herod, 560 So.2d 732, 735 (Miss.1990); Georgia Pacific Corp. v. Taplin, 586 So.2d 823 (Miss.1991).
¶ 30. In Herod, a claimant was injured by sulfur dioxide, which had leaked from a tank he had been repairing. Herod, 560 So.2d at 733. After the injury, the claimant was able to find other employment; however, his income was less than it had been at the job he had held at the time of injury. Id. In an effort to establish a loss of wage-earning capacity, the claimant testified that he had sought employment from *1052 two prospective employers in the Tupelo area, and that he did not seek employment in New Albany, because the furniture business there had been “hit hard.” Id. The Commission considered these efforts reasonable, and this Court affirmed, noting that, because the employer had failed to “introduce evidence of local accessible employment opportunities,” the claimant had established a loss of wage-earning capacity, and, therefore, was entitled to permanent partial benefits. Id.
¶ 31. In Ferguson, 384 So.2d at 602, the employer appealed the Commission’s finding that the claimant had suffered a loss of wage-earning capacity. The evidence presented to the Commission established that the claimant was entirely capable of maintaining an office job, but that he was unable to find employment after a reasonable effort, which entailed applying for one position and inquiring about one other position. Id. at 603-04. On appeal, this Court noted that “[i]f a claimant makes a prima facie showing of reasonable efforts indicating there are not suitable jobs, the burden then shifts to the employer or insurer to show otherwise.” Id. at 603 (citing Thompson v. Wells-Lamont Corp., 362 So.2d 638 (Miss.1978)). The Court went on to say that the “employer could readily have rebutted the prima facie case with evidence from such sources as employment agencies clearly showing the local accessibility of substantial gainful employment suited to [the claimant’s] unfortunate medical condition, had such evidence been available. But because the employer failed to present such evidence, we can only conclude none was available.” Id. at 604.
¶ 32. Similarly, in Taplin, 586 So.2d at 825, a claimant who was fifteen percent permanently disabled undertook to prove that he had suffered a loss in wage-earning capacity by showing that he had inquired about eight jobs, but to no avail. On appeal, this Court noted that the applicable rule of law is that, “[o]nce the claimant has made out a prima facie case, the employer assumes the burden to prove otherwise by showing that the claimant’s efforts constituted mere sham or unreasonable effort.” Id. at 828. Ultimately, the employer failed to present any evidence of employment opportunities in the area, and this Court affirmed the Commission’s finding of loss of wage-earning capacity. Id. at 829.
¶ 33. Thus, the controlling rule of law is clear: If a claimant makes a prima facie showing that reasonable but unsuccessful efforts were made to obtain like or similar employment, the claimant is entitled to permanent total disability benefits, unless the employer or carrier proves that the efforts of the claimant were either unreasonable or a sham. Ferguson, 384 So.2d at 603; Herod, 560 So.2d at 733; Taplin, 586 So.2d at 828. This rule is in accord with the Workers’ Compensation Law’s definition of disability, which is an “incapacity because of [an] injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings.” ' Miss.Code Ann. § 71-3-3(1) (Rev.2000). Thus, if a claimant’s injury is supported by a medical finding, and the claimant is unable to earn the wages that she was earning at the time of injury, the Commission may deny benefits to the claimant only if it determines, from a preponderance of the evidence, that the claimant’s efforts to find gainful employment were “unreasonable.” Ferguson, 384 So.2d at 603; Herod, 560 So.2d at 733; Taplin, 586 So.2d at 828; see also Vardaman S. Dunn, Mississippi Workmen’s Compensation § 72.1 (1990) (noting that “[i]t is enough to sustain an award that the claimant is unable to find other employ *1053 ment after making a ‘reasonable effort’ to do so.”).
¶ 34. For Ms. Lott to be awarded permanent total disability benefits, the Commission did not have to find that she had suffered a total inability to earn wages as a result of her injury. It was required only to determine whether Ms. Lott had made a reasonable effort to secure like or similar employment. See, e.g., Smith v. Jackson Constr. Co., 607 So.2d 1119, 1128 (Miss.1992); Ferguson, 384 So.2d at 603; Herod, 560 So.2d at 733; Taplin, 586 So.2d at 828. The Commission made no such finding.
¶ 35. Moreover, both the Commission and the majority rely on Taplin to support the proposition that the Commission may consider “job availability, economics of the community, the claimant’s skills and background, and the nature of the disability,” when determining whether a person has suffered a loss of wage-earning capacity. Maj. Op. at ¶ 15. However, a diligent reading of Taplin, Ferguson, and Herod establishes that when a job pool is limited, or when the education level or skill level of a claimant is limited, these factors are to be weighed in favor of the claimant, not against him. Taplin, 586 So.2d at 828; Ferguson, 384 So.2d at 603; Herod, 560 So.2d at 733 (emphasis added). The reasoning in the majority opinion is that if there are no jobs to be had by the claimant, there will be no workers’ compensation benefits; however, this goes against the foundation upon which Mississippi’s workers’ compensation law was established. This Court has been guided historically “by the beneficent purposes of the Act which mandate that doubtful claims ... be resolved in favor of payment of compensation.” Hale v. Ruleville Health Care Center, 687 So.2d 1221, 1226 (Miss.1997) (citing Delta Drilling Co. v. Cannette, 489 So.2d 1378 (Miss.1986)). “Workmen’s Compensation Law should be construed generously to advance its underlying remedial aims.” Ferguson, 384 So.2d at 603 (citing Speed Mech, Inc. v. Taylor, 342 So.2d 317, 319 (Miss.1977)).
¶ 36. Here, it is undisputed that Ms. Lott suffers from a one-hundred-percent loss of use of her right arm, and that she sought employment from 194 entities. That is twenty-five times the number of jobs sought in Taplin, ninety-seven times the number of jobs sought in Ferguson and ninety-seven times the number of jobs sought in Herod. Taplin, 586 So.2d at 825; Ferguson, 384 So.2d at 602; Herod, 560 So.2d at 733. This claimant did not confine her search to the same kind of employment in which she had been engaged in at the time of injury, nor did she confine her search to her geographic vicinity. Because neither the employer nor the carrier presented evidence to refute the reasonableness of Ms. Lott’s efforts, she is entitled to permanent total disability benefits.
¶ 37. Accordingly, I would grant Ms. Lott her entitlement under Mississippi’s Worker’s Compensation Law to permanent total disability benefits.
GRAVES, P.J., joins this opinion.

. Mississippi Code Section 71-3-17(a) governs permanent total disability and provides that if the facts of a given claim amount to a permanent total disability, the claimant is entitled to “sixty-six and two-thirds percent (66-2/3%) of the average weekly wages of the injured employee ... not to exceed four hundred fifty (450) weeks or an amount greater than the multiple of four hundred fifty (450) weeks times sixty-six and two-thirds percent (66-2/3%) of the average weekly wage for the state.” Miss.Code Ann. § 71 — 3—17(a) (Rev. 2000).