Van Voorhis, J.
Claimant’s son worked for appellant employer a total of five nonconsecutive days in May, 1952. He was engaged in assembling wooden frames to serve as moulds for a concrete cellar wall to be poured in the construction of a house. At 4:30 in the afternoon of May 22d, while placing or being about to place some tools or other articles on a truck, he collapsed and died from heart failure. His mother has been granted an annuity upon the theory that he died as the result of an industrial accident. One of the members of the Workmen’s Compensation Board dissented, stating that “ There was nothing ‘ catastrophic or extraordinary ’ arising out of his employment ”, and that “ Decedent’s work had not subjected him to unusual strain and exertion.”
Inasmuch as “ a claim of ‘ accident ’ consisting of heart injury from work strain cannot be sustained without medical testimony ” (Matter of Owens v. McGovern, 309 N. Y. 449, 453), it is necessary to examine the medical testimony in order to ascertain whether there is substantial evidence to sustain this award. The only medical evidence for claimant (carrier’s expert denied any causality) was furnished by an assistant medical examiner whose opinion depended upon an autopsy which he performed. This medical witness certified immediately afterward to the State Department of Health, and likewise testified at the hearing before the referee in Workmen’s Compensation, that the cause of death was “ Chronic rheumatic heart disease, active” and that the “Antecedent causes diseases or conditions, if any, giving rise to the above ” were “ Severe, calcific aortic stenosis ”. He described the details of the long-term deterioration in this man’s heart, making the significant comment that “ No fresh lesions are noted.” He testified that ‘ ‘ any stress or strain ’ ’ would have been sufficient to precipitate his death, stating that it was not necessarily important to know how heavy weights he carried while working before his death, which he said could even have occurred at home in bed.
Claimant’s physician’s testimony thus indicated that there was no recent heart injury, which would have existed if he had sustained a coronary thrómbosis or an occlusion, and that his death resulted from previous heart disease, which was a conn petent producing cause irrespective of whether or not he was subjected to any unusual strain.
*326 Thus the only medical witness who testified for claimant failed to establish that this man died from any unusual strain connected with his work or otherwise. Matter of Masse v. Robinson Co. (301 N. Y. 34) overruled prior decisions that in order to be compensable, a heart attack must have been caused by a strain more severe than was imposed by the usual nature of the employee’s work (e.g., Matter of Dworak v. Greenbaum Co., 287 N. Y. 555; Matter of La Fountain v. La Fountain, 284 N. Y. 729), but the Masse case nevertheless requires that the regular job activity shall entail greater exertion than the ordinary wear and tear of life, and that the heart attack shall have been produced by the “ unusually hard ” work thus demanded.
Sustaining this award would require us to go beyond the Masse ruling, and convert workmen’s compensation coverage into sickness or survivors insurance in this type of situation. Not only is there no evidence of fresh heart lesion, but also there is no medical opinion of any overexertion or strain as a causal factor in this man’s death. It is evident from the rest of the testimony of this only medical witness who testified for claimant that any exertion would have been an overexertion for this unfortunate man, and that in expressing the opinion that the type of work he was doing precipitated Ms death, the doctor merely meant that he was engaged in some type of activity, and that any kind of activity was sufficient to that end. We do not have here the situation of a man who is employed in a particularly strenuous job, and where there is evidence that a heart attack has been induced by some overexertion which is normal to the ordinary course of arduous employment. The Masse case decided that the precipitating cause need not be something more strenuous than the normal performance of the work demanded, provided that the ordinary course of the work was sufficiently strenuous to require more than normal exertion. But where, as here, a heart has deteriorated so that any exertion becomes an overexertion, where the mere circumstance that the employee was engaged in some kind of physical labor is what impels the doctor to testify that Ms work caused his death, we would have reached a point, if this award were to be upheld, where all that is necessary to sustain an award is that the employee shall have died of heart disease. ‘ ‘ Insofar as it caused this result,” quoting from Matter of Detenbeck *327 v. General Motors Corp. (309 N. Y. 558, 561), “ the work in which he was engaged simply amounted to the ordinary wear and tear of life impinging on the infirmity ” with which he had been previously afflicted. Here it is plain that in the opinion of the only physician whose testimony could support the award, death resulted from the circumstance that he had been subjected to any kind of exertion, even the exertion of merely being alive, so that, in this assistant medical examiner’s opinion, death might easily have come during sleep. The testimony of this doctor throughout supports his original opinion, expressed in his certificate of death before compensation became in issue, that death was caused by “ Chronic rheumatic heart disease, active ” and that the only antecedent cause was “ Severe, calcific aortic stenosis ’ ’.
Medical opinion ‘ ‘ lacks probative force where the conclusions are ‘ contingent, speculative, or merely possible ’ ”, and does not rise to the level of substantial evidence (Matter of Riehl v. Town of Amherst, 308 N. Y. 212, 216). There being no residue in the record of legal evidence of any causal relationship, the claim must be dismissed on the law (Matter of Kopec v. Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 N. Y. 65, 71; Matter of McCormack v. National City Bank, 303 N. Y. 5, 9; Matter of Riehl v. Town of Amherst, supra).
The order appealed from should be reversed, and the claim dismissed.