RITA ANTONGIORGI, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Defendant, and GUILLERMO ATILES MORÉU, ETC., Respondents.

No. 529. Submitted June 16, 1958.—Decided June 24, 1958.

*Luis A. Negrón López* for petitioner. *Donald R. Dexter* and *Aida Casañas O'Connor* for the Manager of State Insurance Fund, respondent.

PER CURIAM.

After examining the record and analyzing carefully the evidence therein and after considering all the questions raised by the parties in this appeal and in the light

of the legal provisions and the applicable case law, this Court concludes that the decisions entered in this case by the Industrial Commission of Puerto Rico on March 26 and June 13, 1956, are correct. The evidence presented before the Industrial Commission and particularly the expert testimony of Doctors Gabriel Oliver, Donald F. Babbs, Jacobo Simonet and H. Vázquez Milán, as well as the microscopic and macroscopic reports of the doctor who practiced the autopsy, prove in this case that the death was not due to an accident compensable under Act No. 45 of April 18, 1935, as amended, 11 L.P R.A. § 1 et seq. In the first place, in view of all the circumstances of the case, it was not proved that there was causal connection whatsoever between the death of the workman Fernando Camacho, resulting from a heart attack, and the accident that he suffered several days before work. In the second place, neither was there any proof in this case of an "unusual exertion" justifying the death as a compensable accident. The "unusual exertion" does not depend on a comparison between the tasks that the workman usually performed and the strain exerted shortly before his death. It is enough that the workman's labor required an intense physical strain to consider the strain *unusual*, if it is also proved that it caused the cardiac collapse. But applying this test to this case, the evidence presented before the Industrial Commission proved, in our judgment, that the death of the workman Fernando Camacho was not due to an "unusual exertion." See *Rivera* v. *Industrial Commission; Manager Etc., Int.* 79 P.R.R. 366 (1956). *Cf. Atiles* v. *Industrial Commission*, Per Curiam decision of June 28, 1956 and *Toledo* v. *Industrial Commission*, Per Curiam decision of January 22, 1957; *Masse* v. *James H. Robinson Co.*, 92 N.E.2d 56 (N.Y. 1950) ; *Burris* v. *Lewis*, 141 N.E.2d 424 (N.Y. 1957) ; 1 Larson, *Workmen's Compensation Law*, § 38.30 *et seq.*, § 38.64 *et seq.* Lastly, neither does compensation lie in this case on the basis of the rule of usual exertion set forth in the concurring opinion in *Rivera* v. *Indus-*

498

*trial Commission, supra,* 366 *et seq. Cf.* Boas, *Cardiac Injury Resulting from Effort or Trauma* (1955) ; Texon, *Heart Disease and Industry* (1954) ; Master, *Cardiac Emergencies and Heart Failure* (1955).

In view of the foregoing, the decisions appealed from will be affirmed.