Rita Antongiorgi, recurrente, *v.* Comisión Industrial de Puerto Rico, Etc., demandada, y Guillermo Atiles Moréu, Administrador del Fondo del Seguro del Estado, recurridos.

Número 529.

*Sometido:* 16 de junio de 1958. *Resuelto:* 24 de junio de 1958.

*Luis A. Negrón López,* abogado de la recurrente; *Donald R. Dexter* y *Aida Casañas O'Connor,* abogados del Administrador del Fondo del Seguro del Estado, recurrido.

*Per Curiam:* Examinados los autos, analizada cuidadosamente la prueba que consta en los mismos, estudiadas todas las cuestiones planteadas por las partes en este recurso y vistas las disposiciones de ley y la jurisprudencia aplicables, este Tribunal concluye que son correctas las resoluciones

dictadas en este caso por la Comisión Industrial de Puerto Rico el 26 de marzo y el 13 de junio de 1956. La evidencia que tuvo ante sí la Comisión Industrial y muy especialmente el testimonio pericial de los Doctores Gabriel Oliver, Donald F. Babbs, Jacobo Simonet y H. Vázquez Milán, así como los informes microscópicos y macroscópicos del médico que practicó la autopsia, demuestran que en este caso la muerte no se debió a un accidente compensable bajo la Ley núm. 45 de 18 de abril de 1935, según enmendada, 11 L.P.R.A. secs. 1 y siguientes. En primer lugar, tomando en cuenta todas las circunstancias del caso, no se probó relación causal alguna entre la muerte por desfallecimiento del corazón del obrero Fernando Camacho y el accidente que sufrió varios días antes de su trabajo. En segundo lugar, tampoco se probó en este caso un "esfuerzo extraordinario" que justifique considerar la muerte como un accidente compensable. El "esfuerzo extraordinario" no depende de una comparación entre la labor que el obrero acostumbraba ejecutar y el esfuerzo por él realizado momentos antes de morir. Basta que la labor del obrero exija una actividad física intensa para que dicho esfuerzo se considere *extraordinario*, si también se demuestra que el mismo produjo el colapso cardíaco. Pero aplicando dicho criterio a este caso, la prueba que desfiló ante la Comisión Industrial demostró a nuestro juicio que la muerte del obrero Fernando Camacho no se debió a un "esfuerzo extraordinario". Véase *Rivera* v. *Comisión Industrial*, 79 D.P.R. 386 (1956). Cf. *Atiles* v. *Comisión Industrial*, resuelto *Per Curiam* el 28 de junio de 1956 y *Toledo* v. *Comisión Industrial*, resuelto *Per Curiam* el 22 de enero de 1957; *Masse* v. *James H. Robinson Co.*, 92 N.E.2d 56 (N. Y., 1950); *Burris* v. *Lewis*, 141 N.E.2d 424 (N. Y., 1957); 1 Larson, *Workmen's Compensation Law*, secs. 38.30 y siguientes, 38.64 y siguientes. Por último, tampoco procedería conceder compensación en este caso a base de la regla del esfuerzo corriente expuesta en la opinión concurrente en *Rivera* v. *Comisión Industrial*,

supra, 387 y siguientes. Cf. Boas, *Cardiac Injury Resulting from Effort or Trauma* (1955); Texon, *Heart Disease and Industry* (1954); Master, *Cardiac Emergencies and Heart Failure* (1955).

*Siendo ello así, deben confirmarse las resoluciones recurridas.*