VALLEY DRY GOODS COMPANY, et al. *v.* ODOM

No. 42336          May 14, 1962          141 So. 2d 254

*Daniel, Coker & Horton, Fred J. Lotterhos,* Jackson, for appellants.

*Dabney & Dabney,* Vicksburg, for appellee.

Jones, J.

Mrs. Odom was employed by Valley Dry Goods Company. She was injured on April 24, 1958. She was a bookkeeper and while attempting to move a typewriter it slipped, started to fall, and in recovering it, she sustained a straining injury around the right shoulder. She continued to work for a month before she consulted a physician. He gave her some relief from pain and with his approval, she went on a vacation. She returned to work on June 15, 1958, worked for about three hours, and again consulted her physician, Dr. Martin. She continued to see him until September 13, 1958, at which time,

having been free from pain for several days, she was discharged to return to work. When she applied for her old job, it had been filled. She thereafter obtained employment with the Style Shop in Vicksburg, beginning to work there on October 20, 1958, and continued work-, ing, free of pain, for several weeks. But after several weeks pain in her shoulder reoccurred, and in January 1959 she terminated her employment and consulted Dr. J. M. Moore, an orthopedic specialist. He performed a myelogram and decided there was some pressure. Surgery was performed in April 1959, and an unusual bony and soft tissue mass was found in the spine. It was described by the doctor as "an abnormal ligamentum flavum." This was removed. She testified that since the surgery there is an impairment of the function of the right leg.

On May 16, 1960, she went to work for Auto Supply Company in Vicksburg, but testified that she was unable to perform all the duties of that employment.

She testified that following the original injury she had received compensation for a period of 47 weeks. This claim was for additional compensation because of the impairment following surgery.

The Commission found that as a result of the incident of April 1958 the claimant sustained no permanent disability either as a direct result thereof or as a result of any treatment afforded thereafter, and that compensation already paid to the claimant was equal to or in excess to that of which she was entitled. Her claim for additional compensation was therefore denied.

The Circuit Court of Warren County on appeal reversed the order of the Commission and directed that an award be made by the Commission in favor of the complainant. The employer and carrier appeal here.

Dr. Martin did not testify. Dr. Moore testified and among other things said: "I think it (the lower extremity disability) followed the surgery and was not

attributable to any type of accident before surgery.''
He further stated that it would be pure conjecture to
say that there was a relationship between the incident
in April 1958 and the need for surgery. The doctor
did say that the condition which he found on operation
could be caused by strain and that it was not caused
by any recent accident. And while he testified that it
would be consistent with the strain of April 1958 ac-
cident, yet it would be pure conjecture to say that it
was in any way caused by that particular strain. The
most that he would say was that it ''could'' have been
so caused, but he never testified that in his opinion it
was caused by the April 1958 accident, and, in fact, he
said there was a possibility that after she was discharged
by Dr. Martin in September 1958, something else hap-
pened to cause such condition. He continued to say all
the way through that it would be pure conjecture to
say the condition found by the operation was caused by
the accident of April 1958.

Dr. J. G. Galbreath of Birmingham testified through
deposition. He was a specialist in Neurological surgery.
His examination of Mrs. Odom was in his office on
November 30, 1959, and his diagnosis was as follows:

''1. Possible old thoracic sprain or strain accord-
ing to the history at onset.
''2. Myelopathy, post-operative, thoracic. This
means some type of spinal cord disturbance or lesion
following operation to account for the impaired use
of her right leg.
''3. Functional nervous disorder with anxiety and
nervous tension.''

He did not attempt to connect her present condition
with the accident of April 1958.

These were the only doctors who testified. ▮▮ ▮ The
claimant had the burden of establishing her claim. Cap-
ital Broadcasting Company v. Wilkerson, 126 So. 2d
242. The Commission was of the opinion that the claim-

ant had failed to meet the burden of establishing any connection between her present disability and the accident of April 1958. As we have held so many times, ▮▮ the Commission is the trier of fact. ▮▮ ▮ We think there was ample evidence to sustain the Commission's finding in this case. Consequently, the circuit court was in error in reversing the order of the Commission. Cf. Cole v. Superior Coach Corporation, 234 Miss. 287, 106 So. 2d 71.

Reversed and the order of the Commission reinstated.

*Lee, P. J.,* and *Kyle, Gillespie* and *McElroy, JJ.,* concur.