## (June 28, 1962)

■ In the Matter of the Claim of ETTA K. SAWTELL, Appellant, v. COLUMBIA BOX BOARD MILLS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— On this appeal from a determination by the Workmen's Compensation Board that decedent's death was not caused by accidental injury, the board's memorandum is based on several separate elements of its evaluation of the facts. There is substantial evidence supporting some of these elements; but

others are not supported by substantial evidence taking the record as a whole. The elements not thus supported are that there was no " unusual or strenuous work activity involved " and that decedent was " doing his usual work ". Further, and more important, the finding that decedent was doing his usual work seems to reflect misapprehension as to the present rule of liability (*Matter of Burris* v. *Lewis,* 2 N Y 2d 323) and we are obliged to read some of the findings which follow it in the context of that apparent misapprehension. We are unable to determine from the form of the memorandum how essential these elements were to the decision. Decision reversed and matter remitted to the Workmen's Compensation Board for further consideration, with costs to the appellant against employer respondent. Bergan, P. J., Gibson and Herlihy, JJ., concur; Reynolds and Taylor, JJ., dissent and vote to affirm, in the following memorandum by Reynolds, J.: In this case the board has affirmed the decision of the Referee disallowing a claim for death benefits. The sole issue is whether the deceased sustained an accidental injury which resulted in his death. The position of the majority is: " the board's memorandum is based on several separate elements of its evaluation of the facts. There is substantial evidence supporting some of these elements; but others are not supported by substantial evidence taking the record as a whole. The elements not thus supported are that there was no ' unusual or strenuous work activity involved' and that decedent was ' doing his usual work.'" These elements which the majority feel are not supported by substantial evidence, taking the record as a whole, were established in our view clearly by a witness, Bornt, sworn by the claimant who testified that the rubbing down of the sides of the vat required no physical effort, but involved merely squirting a hose on the tile; that the closing of the valve required no physical exertion of particular degree; and in answer to a question propounded by the Referee " I will ask. Was there anything unusual in the work being performed that day." Answer: " No ". There is no proof in the record that there was any excitement or that decedent was at any time running or going up the stairs at a fast gait but there was testimony by claimant's witness, Hall, that he observed no exertion strain, signs of loss of breath, gasping or complaints on the part of the deceased. It seems to us that the decisions of the Referee and the board on this evidence were sound. Unless the court is willing to say as a matter of law that the evidence adduced at the hearings indicates that the activities of the deceased constituted strain greater than the ordinary wear and tear of life and that the evidence was such as a reasonable mind would not accept as adequate, the conclusion reached by the board (cf. *Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506, 513) should be affirmed. The second facet which the majority terms " more important " is that the finding that claimant was doing his usual work (when coupled with the previous finding of no strenuous work activity) indicates a misapprehension by the board of the applicable law involved citing *Matter of Burris* v. *Lewis* (2 N Y 2d 323). They feel that this apparent misapprehension obliges them to read some of the findings which follow it in the context of that apparent misapprehension. This leads us to a discussion of the present status of findings as such. Formerly these were prepared by members of the Attorney-General's office, who were in the main better draftsmen than the board members. We are confronted with many cases where the findings are perhaps not artistically drawn from a legal standpoint, but if there are proper findings (such as the finding herein of no strenuous work activity or contrariwise a finding of arduous work) supported by the record we overlook the non-essential findings and affirm. We see no reason to depart from our usual procedure in this case. The findings of the board, in our view, are sufficient. In sum the instant case presented merely factual questions which have been

decided by the board. It goes without saying that this is their prerogative. It is axiomatic that their decision is final if there is substantial evidence to support their conclusion. The weight of the evidence and the credibility of the witnesses are, of course, for the board to determine. For a very recent emphatic holding to this effect see *Matter of Wetterauw* v. *Japan Airlines* (11 N Y 2d 983). The decision should be affirmed.