475 So.2d 437 (1985)
OLEN BURRAGE TRUCKING COMPANY and United States Fidelity and Guaranty Company
v.
Clarence Clyde CHANDLER, Deceased, Dependents of.
No. 54977.
Supreme Court of Mississippi.
August 28, 1985.
Rehearing Denied September 18, 1985.
Joe Clay Hamilton, Hamilton & Boling, Meridian, for appellant.
Laurel G. Weir, Thomas L. Booker, Philadelphia, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
CLARENCE CLYDE CHANDLER began driving a truck for Olen Burrage Trucking Company in 1964. Except for one six-month period, he had worked for Burrage all of his life thereafter. At his death, Chandler left as his dependents Mary Joyce Chandler, his wife, and Clarence Todd Chandler, born in 1964, and Henry Lamar Chandler born in 1965.
In 1973, Mr. Chandler had an infection on one of his major heart valves. A heart catherization taken at the University of Mississippi Medical Center in 1973 showed abnormal calcification in his aortic valve. This valve had been abnormal since that time.
On April 3, 1978, Mr. Chandler had a cyst removed from his back at the office of Dr. *438 James R. Mayfield, in Carthage, Mississippi. The cyst was located near the belt line slightly to the left of the center of the back. On April 4th, Mayfield saw Mr. Chandler again and changed the dressing, and saw him one more time on April 10th to remove the sutures. Mayfield testified that the incision was healing nicely.
Between April 10 and June 13, 1978, Chandler made six truck trips for Burrage. Mrs. Chandler testified that she changed the bandages for Mr. Chandler, and some redness was always present "around the place". She treated this with an ointment Dr. Mayfield had given her a week or two before Mr. Chandler went to the hospital for the last time.
Mrs. Chandler testified that when her husband returned from these trips for Burrage the incision would be red with pus in it. She further stated that there were no other breaks, cysts or swelling anywhere else on the body of her husband except the one on his back.
On June 11, 1978, Chandler went to Arkansas with a load of lumber for Burrage and returned to Mississippi on Sunday. On June 13, he was admitted to the hospital in Carthage suffering from a systemic infection of the blood stream. He was running a high temperature. He remained in the hospital in Carthage until Thursday, June 22, 1978, when he went into acute renal failure. Dr. Mayfield then transferred him to the University Medical Center in Jackson where he was treated by Dr. John R. Pieklik, a resident in internal medicine.
Pieklik testified that Chandler was desperately ill, with acute bacterial endocarditis, which is an infection of the heart valves or tissue. Chandler died on June 23, 1978, and an autopsy confirmed the diagnosis of acute bacterial endocarditis. Dr. Pieklik testified that the abnormal valve was a predisposing factor to the valve becoming infected and it would have been less likely to have the infection take hold on his heart if his heart valve had been normal. He testified that there were numerous ways in which the bacteria could have entered Mr. Chandler's system. He did admit that it was not beyond the realm of possibility that the bacteria could have entered through the incision on decedent's back. However, Dr. Pieklik stated that he could not be certain that the bacteria entered through the incision and he did not notice any irritation in that area of the decedent's back. Furthermore, based on Dr. Mayfield's testimony, that seven days after the minor surgery had been completed the wound looked good and was healing nicely, it would be unlikely that the bacteria would have entered through the incision.
The last witness to testify was Dr. Asraf Mohammed, who performed the autopsy on Mr. Chandler. He testified that he found the bacteria to be in the kidneys, brain, lungs, glands and heart. He testified that all the bacteria together caused the death, but that the inference to him was that the infection originated in the heart valve. He agreed with Dr. Pieklik's position that the pre-existing abnormal heart valve would be a significant contributing factor to the death. Dr. Mohammad also testified that he found nothing unusual in the lower back region, not even a scar.
The administrative law judge found that the claimants had failed to show that Mr. Chandler's death was causally connected to his employment. The Workmen's Compensation Commission affirmed the administrative law judge on January 7, 1982, with one commissioner dissenting. The Circuit Court of Leake County, Mississippi, reversed the Workmen's Compensation Commission and remanded the cause to them on April 7, 1983, on the grounds that the Commission order was not based on substantial evidence.
The only assignment of error made by the appellant is that the Circuit Court committed error when it reversed the Commission, holding that the Commission Order was not supported by substantial evidence.
Mississippi Code Annotated § 71-3-51 (1972), deals with the Court review of benefits awarded by the Workmen's Compensation Commission. That section states in pertinent part:

*439 The circuit court shall review all questions of law and of fact. If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered.
Three general principles must be born in mind:
1. The claimant generally bears the burden of proof to show an injury arising out of employment, and a causal connection between the injury and the claimed disability;
2. The Commission is the trier of facts, judges the credibility of witnesses, and facts supported by substantial evidence should be affirmed by the circuit court;
3. Unless prejudicial error is found, or the verdict is against the overwhelming weight of the evidence, the Commission's order should be affirmed.
Strickland v. M.H. McMath Gin, Inc., 457 So.2d 925, 928 (Miss. 1984).
The substantial evidence rule in workmen's compensation cases is well established in our law. Walters Bros. Builders v. Loomis, 187 So.2d 586 (Miss. 1966); Flake v. Randle Reed Trucking Co., 458 So.2d 223 (Miss. 1984); Myles v. Rockwell Intern, 445 So.2d 528 (Miss. 1983); South Central Bell Telephone Co. v. Aden, 474 So.2d 584 (1985).
The administrative law judge found that death resulted from acute bacterial endocarditis but that the medical proof was insufficient to establish the necessary causal connection between the decedent's death and his employment. By a vote of two-to-one the Commission agreed with the judge, affirmed his finding, and denied benefits.
The dissenting commissioner based the rationale of his opinion on the testimony of Mrs. Chandler and the general principle that in Mississippi the Workmen's Compensation Law should be liberally construed in favor of the award of benefits. This Court remains firmly committed to the principle of liberal construction. That commitment does not allow us to bridge gaps in the failure of the medical testimony or to find causal connections to the employment where none exists.
The Commission is the finder of facts. And if those facts are based on substantial credible evidence we lack the power to disturb them, even though that evidence would not convince us were we the factfinders. Aden, supra, 475 So.2d at 589, 590.
As the record indicates, there was ample testimony from the three physicians and Mrs. Chandler to enable the Commission to make an intelligent and informed decision of whether or not to grant benefits. There is substantial evidence to support the finding of the Commission that resulted in the denial of benefits. The assignment of error is, therefore, well taken.
The judgment of the Circuit Court of Leake County is reversed and the order of the Commission is reinstated.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.