476 So.2d 28 (1985)
Betty G. BRACEY
v.
PACKARD ELECTRIC DIVISION, GENERAL MOTORS COMPANY, a Self-Insurer.
No. 55729.
Supreme Court of Mississippi.
September 18, 1985.
*29 Charles I. Knauss, Jr., Paul Snow, Jackson, for appellant.
Leray McNamara, F. Hall Bailey, Wise, Carter, Child & Caraway, Jackson, for appellee.
Before PATTERSON, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Betty G. Bracey made a worker's compensation claim against Packard Electric Division, General Motors Company, for a back injury. The administrative law judge found inter alia that Bracey failed to prove by a preponderance of the credible evidence that she sustained a compensable injury within the course and scope of her employment, and that she had not substantiated her claim by medical findings based upon full, complete and honest knowledge of the facts in the possession of the medical experts.
On February 16, 1984, the full Commission affirmed the order of the administrative law judge and the Commission stated that while the law favors a liberal interpretation, a claimant is still required to prove her claim by a fair preponderance of the evidence and to a legal certainty.
On May 25, 1984, the Circuit Court of Hinds County, Mississippi, affirmed this finding.
The gravamen of this appeal is appellant's claim that the Commission's order of affirmance stated that the appellant was required to prove her claim by a fair preponderance of the evidence and to a legal certainty, and that this language indicates that the Commission order was manifestly wrong.
It is well settled that the Commission is the finder of fact and if their findings are based on substantial evidence they will be affirmed. Olen Burrage Trucking Co., et al. v. Clarence Clyde Chandler, Deceased, Dependents of, 475 So.2d 437, 1985.
In our review, the language of the Commission's order, while inartfully drawn, simply restates the requirement that a recovery must be based upon reasonable probabilities and not mere possibilities. Burnley Shirt Corporation v. Simmons, 204 So.2d 451, 453 (Miss. 1967).
In light of the testimony presented by this record, the administrative judge's findings and the Commission's affirmance of those findings were clearly supported by substantial evidence. Had the Circuit Court of Hinds County reversed the Commission, we would have been required from this record to find the Circuit Court in error. The Circuit Court, however, correctly *30 applied our long standing law in this area and his decision will be affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, and ROBERTSON, JJ., concur.
ANDERSON, J., not participating.