ROY NOBLE LEE, Chief Justice,
for the Court:
Tony W. Mathis appeals from a judgment of the Circuit Court of Tishomingo County affirming the order of the Workers’ Compensation Commission in favor of Nelson’s Foodland, Inc., employer, and United States Fidelity and Guaranty Company, insurance carrier, denying Mathis benefits under the Workers’ Compensation Act. He presents the following issues for discussion by this Court:
I. THE ORDER OF THE COMMISSION WAS NOT BASED ON SUBSTANTIAL EVIDENCE. II. THE COMMISSION ERRED IN FINDING THAT THE INJURY SUSTAINED BY THE CLAIMANT DID
NOT ARISE OUT OF AND IN THE COURSE OF HIS EMPLOYMENT.
FACTS
On December 31, 1985, Tony Mathis returned from lunch to his job as a sackboy at Nelson’s Foodland. He clocked in and Frankie Smith, the store manager, told Mathis to bring him a buggy from the back of the store. Mathis proceeded to carry out this instruction where he met Tom Pro-vins, another employee. Mathis asked Pro-vins to give him one of the “fireworks” (firecracker) that he knew Provins had and Provins complied with the request. Mathis obtained a lighter and began “teasing” the fuse. The firework ignited and exploded in Mathis’ hand before he could get rid of it, causing extensive damage that has resulted in seven separate surgeries to the hand.
Nelson’s Foodland is a small, independently owned and operated retail grocery store. It employed approximately fifteen to eighteen employees, at the time of the incident, and the business area of the store was about eighty feet by eighty feet. The owner, Merle Nelson, actively participated as manager of the store. In addition, Nelson had two managers who worked for him, Billy Teague and Frank Smith. These managers had responsibility to supervise all of the employees in the store. In addition, each department of the store had a person responsible for that part of the store. The lowest employees in the chain of command were the sackboys. Mr. Nelson testified, and several other witness corroborated, that the sackboys had only him or the store managers to answer to, unless one of the department managers had specifically requested the help of a sackboy. In that case, the sackboys had to obey the directions of such department manager.
Tom Provins, meat department manager, testified that Mathis had just returned from lunch on December 31, but had not yet started working. He stated that Mathis first brought up the subject of fireworks on that day, and that Mathis asked for one firecracker. Provins said that he did not know where Mathis got a lighter, but that one was kept on a rack nearby. He stated *103 that he had turned and begun to walk away when the firecracker exploded and that he did not see it go off. He further stated that he did not believe that Mathis would light the firecracker.
Dennis Medley, who worked under Pro-vin’s supervision, saw the incident. He testified that Mathis had just returned from lunch and asked Provins for the firecracker, claiming that he would light it in the back room. He also did not think that Mathis would light it. Medley stated that Mathis sat down on the floor and began “teasing” the fuse of the firecracker with the lighter, then shook his head as if he was not going to go through with it. He then stood up and lit the fuse. Medley stated that Mathis then tried to put the fuse out with his fingers and ran toward the back door to get the firecracker out, but that he did not make it in time.
Mathis related two substantially different versions of the accident. On direct examination, he stated that he had just clocked in from lunch when Teague sent him to the back of the store for a buggy. He testified that when he got to the back, Provins and Dennis Medley were there and that Provins wondered aloud what would happen, if one of the fireworks went off in the store. Mathis stated that he told Pro-vins that he did not know, and then Provins gave him a lighter and went into the meat department, then returned a moment later with one of the fireworks. Mathis stated that Provins then coaxed him to light the firework, and the next thing he knew it lit and, went off in his hand. On cross-examination, after being confronted with his earlier deposition, Mathis admitted that he had been the first to wonder what would happen if one of the fireworks went off inside the store. He further admitted that he asked Provins to give him one of the fireworks that day.
Tony Mathis had worked at Foodland for about three years. Much of the testimony at the hearing before the administrative law judge related to joking and “horseplay” at Foodland. All of the employees, including Mathis, testified that they knew that the store policy was no horseplay. According to Mathis, he often was the object of practical jokes and one witness recalled that Mathis had once complained to him about the pranking. Some witnesses testified that fireworks had been shot on the premises several times, usually during lunch breaks or after work. Others indicated that they had shot firecrackers away from the store near a ditch. There was a dispute as to where and when firecrackers were shot, but it was generally conceded that such conduct was contrary to store policy and store rules.
Testimony dealt with whether or not Tom Provins had any control over Mathis. The latter admitted that on the day of the accident he worked directly under the direction of Billy Teague, one of the managers, and not under Provins.
The administrative law judge and the Commission found that Mathis’ injury did not arise out of and in the course of his employment and denied compensation benefits. The circuit court of Tishomingo County affirmed the Commission.
LAW
I. and II.
Mathis contends (1) that the order of the Commission was not based on substantial evidence. The standard for this Court’s review of an order of the Commission has been stated numerous times. Recently, in R.C. Petroleum Inc. v. Hernandez, 555 So.2d 1017, 1021 (Miss.1990), the Court stated,
A “considerable body of authority supports the proposition” that the Commission’s fact-finding, if supported by substantial .evidence, “must” remain undisturbed by the reviewing court (citations omitted).... Of utmost importance, “if th[e fact-finding is] based on substantial evidence^ the reviewing court] lack[s] the power to disturb them, even though that evidence would not convince [the court] were it the factfinder [sic].”
(quoting Olen Burrage Trucking v. Chandler, 475 So.2d 437, 439 (Miss.1985) (emphasis by the Court) (citing South Central Bell Tel. Co. v. Aden, 474 So.2d 584, 589, 590 (Miss.1985)).
*104 The Court has further held, “where the findings of the Commission are contrary to the overwhelming weight of the credible evidence, we will not hesitate to reverse.” Dependants of Chapman v. Hanson Scale Co., 495 So.2d 1357, 1360 (Miss.1986) (citing Myles v. Rockwell International, 445 So.2d 528, 536-37 and Johnson v. Ferguson, 435 So.2d 1191, 1194-95 (Miss.1983).
We are of the opinion that the order of the Commission and affirmance by the circuit court were founded on substantial evidence.
Claimant contends (2) that the Commission erred in finding that the injuries sustained by the claimant did not arise out of and in the course of his employment.
The parties to this appeal refer to it as a “horseplay” case. However, in our view, the better reasoning, under the facts here, is that the injury occurred outside the scope of appellant’s employment. An employee is not entitled to workers’ compensations benefits, if his injury is due entirely to a risk, which he brought to the workplace, or used there, not in furtherance of his employer’s business activities, or, if he deviates from the employment so that he is no longer considered “in the course of employment.”
In Persons v. Stokes, 222 Miss. 479, 76 So.2d 517 (1954), the claimant and two of his co-workers were checking on some cows which the employer had recently purchased. While so doing, a dog nearby treed a squirrel and one of the co-workers went to their pickup nearby and retrieved a shotgun. That co-worker shot at the squirrel and one of the pellets ricocheted and struck the claimant in the eye. In discussing the requirement that the injury arise out of, and in the course of, employment, the Court said in part
[A]n injury arises out of an employment only when there is a causal connection between such injury and the conditions under which the work is required to be performed and it is not alone sufficient that the employee is at a place of his employment at the time of the accident and is doing his usual work. It is of course basic that in order for an injury to be compensable under workmen's compensation acts it is necessary that the injury result from some risk to which the employment of the claimant exposes him.
Id., 76 So.2d at 519 (emphasis added) (citing Brookhaven Steam Laundry v. Watts, 214 Miss. 569, 59 So.2d 294, 299 (1952) The Court observed that the claimant had turned aside from his employer’s business so that, even under the liberal construction given the Act, the injury was not compensable. Id. 76 So.2d at 520.
In Earnest v. Interstate Life & Accident Insurance Co., 238 Miss. 648, 119 So.2d 782 (1960), Earnest worked as an insurance salesman and on the day of his injury was at the property of a prospective client. He was asked to wait a few minutes outside and so he decided to talk about some insurance with his prospect’s son, who was working nearby. Earnest carried his shotgun with him to shoot crows for amusement. When he had taken a few steps toward the son he tripped and the gun discharged, the blast striking his left ankle, requiring the amputation of the lower part of the leg. The Court found that the injury did not arise out of or in the course of the employment and the possession of the gun was not connected with the employment.
Nelson’s Foodland, Inc. had a policy of no foul play at the store, which included fireworks, and such use and conduct were against the rules of the business. The accident and injury were a result of Mathis’ own misuse of, and involvement with an object prohibited and outside the scope of appellants employment. It was a violation of company policy and the injury sustained was not compensable.
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., DAN M. LEE, P.J., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
ROBERTSON, J., dissents without opinion.