McMILLIN, C.J.,
for the Court.
¶ 1. This proceeding originated as a claim by Nancy Fly for benefits before the Mississippi Workers’ Compensation Commission. Fly sought permanent disability payments for an injury she received during the course of her duties as an employee of the North Mississippi Medical Center (hereafter NMMC). The Commission denied Fly’s claim for permanent disability benefits. Fly appealed that decision without success to the Circuit Court of Lee County, and now appeals the matter to this Court. Finding that there was substantial evidence in the record to support the decision of the Commission, we affirm the judgment of the circuit court.
I.
Facts
¶ 2. There is no dispute that Fly was injured in a fall on a freshly-mopped floor during the course of performing her duties as a licensed practical nurse at NMMC. That work-related accident occurred on May 9, 1996. In the aftermath of her fall, Fly was treated by two primary physicians of her own choosing, both of whom released her to return to work in the fall of 1996 without restriction. One physician was of the opinion that she had reached maximum medical improvement on October 21, 1996. The other physician felt that she had reached maximum recovery prior to that date.
¶ 3. Fly, despite repeated requests by NMMC coupled with offers to accommodate her duties to any post-accident distress Fly might be suffering, refused to return to her old employment in any capacity. Fly contends that, because of unresolved and persistent symptoms of post-injury pain, she was physically incapable of returning to her duties. She also expressed some skepticism that, if she returned to work in an ostensibly light duty position, she would ultimately be expected to perform heavier duties that, in her view, were rendered impossible by her chronic debilitating symptoms of pain. Both of Fly’s primary treating physicians indicated that they could find no evidence of unresolved physical injuries or neurological deficiencies that would objectively support Fly’s complaints of persistent pain or her inability to perform the normal physical duties of her position.
¶ 4. Fly did not seek any form of alternate work at another employer. She sought to explain that failure by asserting that her continuing symptoms of pain were so severe that there were no jobs that she could properly perform.
II.
Discussion
¶ 5. An appellate court, when called upon to review a decision of an administrative agency such as the Missis *828 sippi Workers’ Compensation Commission, is obligated to give substantial deference to the decision. Hardin’s Bakeries v. Dependent of Harrell, 566 So.2d 1261, 1264 (Miss.1990). As to findings of fact, the court may not reverse simply because it concludes that the decision is contrary to the weight of the evidence. McGowan v. Orleans Furniture, Inc., 586 So.2d 163, 165 (Miss.1991) Rather, the decision of the Commission must be upheld so long as the reviewing court is satisfied that there is substantial evidence in support of the decision. Delta CMI v. Speck, 586 So.2d 768, 772-73 (Miss.1991).
¶ 6. Fly’s argument on appeal consists entirely of her assertion that the Commission improperly disregarded her testimony as to the severity of the symptoms of pain she continues to experience. She relies upon such cases as Morris v. Lansdell’s Frame Co., 547 So.2d 782 (Miss.1989) and Hall of Mississippi v. Green, 467 So.2d 935 (Miss.1985), which acknowledge that credible complaints of disabling pain, even in circumstances where there is no objective medical evidence to explain the source of the pain symptoms, may serve as a foundation for a disability award. While Fly has accurately stated the applicable law, her argument does not take into account the substantial fact-finding authority afforded to the Commission in either accepting or rejecting such evidence, depending on the Commission’s own assessment of what weight and worth to afford the claimant’s testimony. See Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293, 1297 (Miss.1990).
¶ 7. It is evident in this case that the Commission, in the exercise of its discretionary fact-finding authority, placed more credence in the objective evidence that Fly was not suffering from any permanent physical disability arising out of her injury than it did in Fly’s own subjective claims of disabling pain. Because there was substantial evidence to support a finding that Fly was not disabled by the after-effects of her injury from returning to the normal duties of her employment, there is no basis for this Court to disturb the ruling of the Commission or the judgment of the circuit court affirming that ruling.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, and BRANTLEY, JJ., concur.
CHANDLER, J., not participating.